IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| Soo TRACTOR SWEEPRAKE CO., d/b/a RADIUS STEEL FABRICATION (a Division of Soo Tractor),<br><br>  Plaintiff,<br><br>v.<br><br>GAVIN/SOLMONESE LLC, TED GAVIN, Individually, and STEPHEN KUNKEL,<br><br>  Defendants. | No. 17-CV-4006-LTS<br><br>**ORDER GRANTING PLAINTIFF'S RESISTED MOTION FOR LEAVE TO SECURE DEPOSITIONS** |

_____

## *I.  INTRODUCTION*

Before the Court is plaintiff's Motion For Leave To Secure Depositions Regarding Resistance to Defendants' Motion to Dismiss (Doc. 11). Defendants timely resisted. (Doc. 18). Plaintiff replied. (Doc. 23). For the reasons that follow, plaintiff's motion is granted.

Plaintiff filed its complaint on January 19, 2017, in this Court pursuant to diversity jurisdiction. (Doc. 1). Plaintiff alleges counts one through six as follows: (1) breach of contract; (2) breach of fiduciary duty; (3) negligent hiring; (4) negligent retention; (5) negligent supervision; and (6) intentional interference with contract. (*Id.*).

On February 21, 2017, defendants filed a motion to dismiss alleging lack of subject-matter jurisdiction. (Doc. 6). On March 6, 2017, plaintiff moved for an extension of the deadline to file its resistance to defendants' motion to dismiss from March 7, 2017, to March 14, 2017. (Doc. 9). This motion was unresisted and the Court granted it. (Doc. 10).

1

Prior to its deadline to file a resistance to the motion to dismiss (March 14, 2017), plaintiff filed a motion for leave to secure depositions. (Doc. 11). Specifically, plaintiff seeks leave to depose Michael Kayman and Lin Boatwright in the week of March 13th or alternatively as soon as possible to prepare an "appropriate" resistance. In response, on March 10, 2017, defendants filed a Notice of Intent to File Resistance to Plaintiff's Motion For Leave to Secure Depositions. (Doc. 12). Defendants filed this Notice of Intent out of concern that although plaintiff's motion did not ask for expedited relief under Local Rule 7(j), plaintiff is seeking leave to take depositions in the week of March 13th prior to the deadline for defendants' resistance to the instant motion (defendants' deadline for resistance was March 22, 2017). Defendants ask the Court to "reserve ruling on Plaintiff's Motion for Leave to Secure Depositions until such time as Defendants are permitted to submit their resistance." (*Id.*).[1] Such concern is moot. Defendants have already timely resisted. (Doc. 18). Lastly, plaintiff filed a reply brief. (Doc. 23).

In its timely resistance to defendants' motion to dismiss, plaintiff asks the Court to deny the motion to dismiss, schedule an evidentiary hearing, and "grant Plaintiff permission to supplement this Resistance in light of the anticipated depositions of Michael Kayman and Lin Boatwright (See Doc. 11), and any other relief the Court deems appropriate." (Doc. 13, at 1-2).

---

[1] In the Notice of Intent, defendants point out that plaintiff's motion fails the requirement as set forth in Local Rule 7(l). *See* LR 7(l) ("All non-dispositive motions must contain a representation that counsel for the moving party has conferred in good faith with counsel for all other parties and any pro se parties concerning the motion, and a statement of whether or not the other parties consent to the motion."). According to defendants, plaintiff did not confer with defendants about the instant motion. Thus, defendants did not have an opportunity to inform plaintiff of their opposition. Thus, the question is now what action the Court will take given plaintiff's failure to comply with Local Rule 7(l). The Court finds that it is too harsh to dismiss plaintiff's motion for its failure here. Nonetheless, plaintiff is warned that the Court will dismiss future motions that fail to comply with LR 7(l).

## II. STANDARDS

The Eighth Circuit Court of Appeals has reasoned that jurisdictional discovery is warranted when "certain facts necessary to resolving the jurisdictional inquiry are either unknown or disputed." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011) (citation omitted). Jurisdictional discovery is unwarranted when the movant only provides "entirely speculative" assertions regarding what facts jurisdictional discovery "would likely reveal." *Id.* (quotations and citations omitted). As the Honorable Senior Judge Mark W. Bennett summarized:

> [T]he Eighth Circuit Court of Appeals has identified several factors that are relevant to the determination of whether or not to allow jurisdictional discovery: Courts look to decisions under Rule 56 for guidance in determining whether to allow discovery on jurisdictional facts. To request discovery under [ ] Rule 56(d), a party must file an affidavit describing: (1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful.

*F.D.I.C. v. Dosland*, 50 F.Supp.3d 1070, 1077 (N.D. Iowa 2014) (quoting *Johnson v. U.S.*, 534 F.3d 958, 965 (8th Cir. 2008)). Judge Bennett succinctly stated the movant's burden as needing to "explain how the evidence it seeks will raise a genuine issue of material fact relevant to subject matter jurisdiction." *Id.* (quotation omitted).

Plaintiff cites *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)[2] for the proposition that defendants' motion to dismiss [for lack of subject-matter] "attacks the

---

[2] On the treatment of a 12(b)(1) motion, versus a 12(b)(6) motion, when considering matters outside the pleadings, the Eighth Circuit Court of Appeals held as follows: "[j]urisdictional issues, whether they involve questions of law or of fact, are for the court to decide. Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion." *Osborn*, 918 F.2d at 729 (citations omitted). The Court also held that pursuant to Rule 12(b)(1), there is "substantial authority that the trial court is free to weigh the evidence and

3

factual basis of the Complaint, the Court must hold an evidentiary hearing on the issue." (Doc. 11, at 2). Plaintiff concludes that "[s]ince the Court must decide the jurisdiction issue, and *an evidentiary hearing is likely to occur*, Plaintiffs [sic] contend securing the depositions [ ] is appropriate and necessary, and the depositions need to be taken at the earliest possible opportunity." (*Id.*) (emphasis added).

### III. ANALYSIS

Plaintiff seeks to depose two individuals. First, plaintiff wants to depose Michael Kayman, manager of Soo Tractor LLC. Soo Tractor LLC was the buyer in the Asset Purchase Agreement (APA) at issue where plaintiff (Soo Tractor Sweeprake Co.) was the seller. Mr. Kayman would represent the viewpoint from the non-party buyer, Soo Tractor LLC. Plaintiff also seeks to depose Lin Boatwright, who served as a liaison between plaintiff and Mr. Kayman.

In their resistance, defendants raise three arguments. Defendants allege that plaintiff's instant motion is procedurally defective, that extrinsic evidence is unavailable under Iowa law for the unambiguous APA at issue, and that the Court will find that an

---

satisfy itself as to the existence of its [jurisdiction] to hear the case." (*Id.*). On the issue of evidentiary hearings, the Court held as follows:

> In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims . . . If the defendant thinks the court lacks jurisdiction, the proper course is to request an evidentiary hearing on the issue. The motion may be supported with affidavits or other documents. If necessary, the district court can hold a hearing at which witnesses may testify.

(*Id.*). This is relevant as defendant's Rule 12(b)(1) motion to dismiss is before Chief Judge Strand. The question posed to the Court in this motion is whether plaintiff can supplement its resistance—to the motion to dismiss—by limited jurisdictional discovery consisting of deposing Boatwright and Kayman. Knowing that Judge Strand can consider the evidence discovered by these depositions assures the Court here of the usefulness of this limited discovery.

4

evidentiary hearing is unnecessary to address its jurisdiction. The Court will address each argument in turn.

### A. *Defendants assert that plaintiff's motion to conduct limited jurisdictional discovery is procedurally defective*

Defendants contend that plaintiff "ignored controlling precedent and failed to present any facts to support this Court authorizing jurisdictional discovery." (Doc. 18, at 2) (citing *Viasystems, Inc.*, 646 F.3d at 598 and *F.D.I.C.*, 50 F.Supp.3d at 1077)). Defendants assert that plaintiff did not explain what facts it seeks to uncover with its two depositions, how these facts will illuminate the Court's subject-matter jurisdiction, and what steps plaintiff already undertook to gather such.

Plaintiff contends that the crux of defendants' motion to dismiss hinges on whether the APA assigned the "chose in action" from plaintiff (the seller) to Soo Tractor LLC (the non-party buyer). In its reply, plaintiff informs the Court that it seeks these two depositions as "[t]his testimony, alongside the Affidavit of John Anderson, Doc. 13-2, is necessary to demonstrate that neither party to the [Asset] Purchase Agreement ever intended, wanted, or meant to assign Plaintiff's right to sue Defendants through the Purchase Agreement." (Doc. 23, at 2). Plaintiff alleges that this is relevant as "[i]n order for an assignment of a chose in action to be valid, however, the language of assignment must specifically demonstrate the intention to assign the chose of action." (*Id.*) (citing *Petty v. Mutual Benefit Life Ins. Co.*, 15 N.W.2d 613, 618 (Iowa 1944)).

I will examine Iowa's relevant law in the section below. Lastly, plaintiff has already secured the affidavit of attorney John B. Anderson, who represented plaintiff throughout its negotiations resulting in the APA. (Doc. 13-2). Thus, plaintiff has undertaken action already to pursue its legal theory regarding maintaining possession of

5

its right to sue. Now plaintiff needs the Court's permission to proceed further to specifically secure the two depositions, which it cannot otherwise secure.

> **B.** *Defendants assert that the APA is unambiguous so Iowa law prohibits the use of extrinsic evidence, thus plaintiff's plan to secure depositions to prove the buyer's intention in drafting the APA will not raise a genuine issue of material fact relevant to whether the Court has subject-matter jurisdiction*

Essentially, defendants argue that the APA's language (Doc. 6-2) is clear and unambiguous, so only the four corners of the document control. Thus, evidence of the parties' intention, namely extrinsic evidence, is irrelevant as it "would not raise a genuine issue of material fact relevant to whether the Court has subject matter jurisdiction." (Doc. 18, at 3). Further, defendants allege that even if the depositions were secured there is "no indication that, if deposed, Kayman or Boatwright would testify consistent with Plaintiff's new theory and contradict the plain language of the APA. Plaintiff is merely trying to engage in a fishing expedition." (Doc. 18, at 8 n.1). Specifically, defendants contend that under the APA, plaintiff sold, transferred and assigned all of its "Personal Property" including "general intangibles" to the buyer, which under Iowa law includes choses in action (right to sue). (Doc. 18, at 9) (citing *Arbie Mineral Feed Co., Inc. v. Farm Bureau Mut. Ins. Co.*, 462 N.W.2d 677, 680 (Iowa 1990), *Johnson v. Nelson*, 275 N.W.2d 427, 430 (Iowa 1979), and *Johnson v. American Leather Specialties Corp.*, 578 F.Supp.2d 1154, 1174 (N.D. Iowa 2008)).

On the other hand, plaintiff contends that for an assignment of a chose in action to be valid, "the language of assignment must specifically demonstrate the intention to assign the chose of action." (Doc. 23, at 2) (citing *Petty*, 15 N.W.2d at 618)). In this opinion dated 1944, the Iowa Supreme Court held that the assignment of proceeds of a life insurance policy was properly made from a divorced wife to the insurer's sister given written evidence of insurer's intent; exhibit A showed insurer wrote that the policy was

6

his sister's to do with as she wished—which the court saw as evidence of the insurer's clear intention to transfer and assign his policy to his sister. (*Id.*, at 617-19) ("No special form of words is necessary to effect an assignment, in the absence of statutory provisions prescribing a particular mode or form. Any language, however informal, if it shows the intention of the owner of the chose in action to transfer it will be sufficient to vest the property in the assignee."). Plaintiff also cites Iowa case law for applicability of the *ejusdem generis* doctrine in contract interpretation. (Doc. 23, at 2-3).

Plaintiff raises an interesting argument with the *ejusdem generis* doctrine. Plaintiff contends that choses in actions do not appear similar to the specifically listed intellectual property items (goodwill, customer lists, and trademarks) that immediately follow in the APA; thus, under this doctrine the APA excludes choses in actions. Alternatively, plaintiff contends that even if the APA terms are unambiguous, Iowa law permits the use of extrinsic evidence as to the contractual parties' intentions embodied in the APA. (Doc. 23, at 3-4) (citing various case law).

In this diversity action, the parties agree that Iowa law governs. Turning to tenets of contract interpretation, unless the contract is unclear and ambiguous "the parties' intent is determined from the language of the contract." *DeJohn*, 980 F. Supp. at 1016 (quotation omitted). The main goal of contract interpretation is to "determine the parties' intentions at the time they executed the contract." *Walsh*, 622 N.W.2d at 503. A term is not ambiguous merely because the parties dispute its meaning. (*Id*). In contract interpretation, a court will first determine what "meanings are reasonably possible" for the terms at issue. (*Id.*) (quotation omitted). Second, if there exists two or more "reasonable interpretations" given all relevant rules of interpretation, then the term is ambiguous. (*Id.*)

Furthermore, the parol evidence rule "excludes extrinsic evidence which is solely offered for the purpose of varying, adding to, or subtracting from a written agreement"

(*Kroblin v. RDR Motels, Inc.*, 347 N.W.2d 430 (Iowa 1984) (citations omitted)), when an agreement is fully integrated (*Lubbers v. MDM Pork, Inc.*, 2016 WL 742892, 15-0675, at *3 (Iowa Ct. App. 2016)). An agreement is deemed fully integrated when "the parties adopt a writing [ ] as the final and complete expression of their agreement . . . [t]he presence of an integration clause [ ] is only one factor used in determining if a contract is integrated." (*Id.*) (quotations and citations omitted). However, extrinsic evidence is admissible to show that "a writing is not an integrated agreement, not completely clear and unambiguous as to the subject in the dispute, or ambiguous with respect to the subject of the lawsuit." *Kroblin*, 347 N.W.2d at 433. Overall, the parol evidence rule should not be used to "prevent a litigant the chance to prove a writing does not, in fact, represent what the parties understood to be their agreement." *Lubbers*, 2016 WL 742892, at *4 (citation omitted).

According to the terms of the APA (Doc. 6-2), the contract is governed by Iowa law and there is an integration clause. On the four corners of the contract, the APA reads:

> "**Personal property**" shall mean all [ ] **intangible personal property** of the Seller, including, without limitation, accounts receivable, cash, business operating and payroll bank accounts, inventory (including, without limitation, raw materials, work-in-process, finished goods, supplies and purchased parts), **general intangibles** and intellectual property (including, without limitation, the tradenames Soo Tractor and Radius Steel and all other tradenames of the Seller, trademarks and customer lists and related goodwill for all intellectual property), machinery, equipment and furniture, vehicles and vehicle titles, rolling stock, tools, tooling, manuals, warranties and service agreements related to the machinery, equipment and tooling, software, insurance coverages and recoveries (except the life insurance policy excluded below), paid premiums, deposits, refunds, credits, purchase orders, customer contracts and agreements, computers, books and records (including electronic books and records), requests for quotes or proposals, customer files, drawings, websites/URLs, phone numbers, ISO, CSA and any other certifications and **any other personal property**, other than (i) life insurance policies owned by Seller with a death benefit payable

on the death of Allen Mahaney or any death benefit proceeds from such policies and (ii) any assets specifically excluded by Buyer in its reasonable discretion after consultation with Seller.

Doc. 6-2, at 2 (emphasis added). The Court has identified terms[3] in bold that arguably could have been used to convey plaintiff's chose in action (right to sue defendant) to the buyer. As mentioned above, under Iowa law, extrinsic evidence is admissible to show "that a writing is not an integrated agreement, not completely clear and unambiguous as to the subject in the dispute, or ambiguous with respect to the subject of the lawsuit." *Lubbers*, 2016 WL 742892 at *3 (quoting *Kroblin*, 347 N.W.2d at 433). Kayman and Boatwright's depositional testimony could show that the APA is not an integrated agreement or, alternatively, that the term "Personal Property" is not clear and unambiguous as to the subject in dispute. Thus, that evidence arguably could be admissible. First, the depositional testimony could show that the APA was not the final and complete expression of the parties' intentions (depending on what depositional testimony is gathered, *e.g.*, buyer thought that choses in actions were included while seller believed that they were not). Alternatively, it could come in to show that the APA category "Personal Property" was not clear and unambiguous to the subject in dispute (whether it included choses in actions).

The question before the Court at this stage is not whether the terms are ambiguous or whether the Court will consider extrinsic evidence to rule on the motion to dismiss; the question now is whether there is enough of a showing that parol evidence may be relevant to permit a limited number of depositions to allow plaintiff the ability to litigate that issue. The Court finds the depositions appropriate in this case. To be sure, permitting the depositions to go forward in no way constitutes any finding whether the terms are

---

[3] The parties present arguments on the terms "personal property" and "general intangibles." I also identified and considered the term "any other personal property."

ambiguous or whether the depositions are ultimately relevant in deciding the motion to dismiss. That will be for Chief Judge Strand to determine.

### C. *Defendants contend that the Court may opt to not hold an evidentiary hearing and regardless an evidentiary hearing is wholly unnecessary*

Defendants argue that the Court may decide that an evidentiary hearing is unnecessary and therefore the depositions are unnecessary. Defendants are correct. The Court may conclude that an evidentiary hearing is unnecessary as the parties have been afforded "notice and a fair opportunity to be heard." *Johnson*, 534 F.3d at 964-65. Judge Strand will decide this. Again, the only question before the Court at this time is whether the Court ought to allow the depositions to go forward in the event Judge Strand determines an evidentiary hearing is necessary and determines parol evidence is relevant to decide the merits of the motion to dismiss.

## IV. CONCLUSION

For the reasons discussed above, the Court **grants** plaintiff's motion for leave to secure depositions. The Court will give plaintiff ten (10) days from the date of this order to depose Michael Kayman and Lin Boatwright. The depositions shall be limited to the intent of the contracting parties and the meaning of arguably ambiguous terms to the contract.

**IT IS SO ORDERED** this 4th day of April, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa